**U. S. PUMICE COMPANY,**
Petitioner-Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

Nos. 79–7256, 79–7343.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 1981.
Decided June 1, 1981.

Thomas E. O'Sullivan, Thorpe, Sullivan, Workman, Thorpe & O'Sullivan, Los Angeles, Cal., for petitioner-appellant.

Gilbert E. Andrews, Chief, App. Sec., Washington, D. C., on brief; Richard N. Bush, Washington, D. C., argued, for respondent-appellee.

Before WRIGHT, POOLE and NELSON, Circuit Judges.

POOLE, Circuit Judge:

Appellant, U.S. Pumice Co., is an integrated miner-manufacturer of pumice, a porous light weight volcanic rock used as an abrasive or polish. The pumice is mined in Northern California and transported to appellant's mill where it is cut and shaped into various sizes suitable for commercial use. The finished product is then shipped by common carrier to its warehouses in Los Angeles, Chicago and New York where it is stored until ordered by a customer.

Appellant challenges the Tax Commissioner's finding of deficiency for the years 1965, 1966, 1967 and 1968. Both parties agree that the proportionate profits method was the appropriate formula for computing appellant's taxes for the years in question. The formula is as follows:

$$\frac{\text{Mining Costs}}{\text{Total Costs}} \times \text{Gross Sales} = \frac{\text{Gross Income}}{\text{From Mining}}$$

Appellant included in its mining cost a portion of the shipping (from the mill to the warehouse) and storage costs believing this was permissible under the regulations. Inclusion of the costs increased appellant's gross income from mining and provided a greater depletion allowance deduction. The Commissioner disallowed the storage and transportation cost apportioned to the mining operation finding that these costs were directly attributable to appellant's nonmining processes and therefore not allocable.

On appeal the Tax Court agreed with the Commissioner. We affirm the Tax Court in light of the Supreme Court's recent decision in *C.I.R. v. Portland Cement Company of Utah*, —— U.S. ——, 101 S.Ct. 1037, 67 L.Ed.2d 140 (1981) (hereafter referred to as *Utah Portland Cement*).

Appellant argued to us that apportionment was proper under 26 C.F.R. § 1.613–4(d)(4)(iii) which permits a taxpayer to allocate cost between mining and nonmining processes if that cost cannot be directly identified with either process. This position was rejected in *Utah Portland Cement, supra*, where the Court held that the regulations clearly define storage distribution costs as "subsequent processes" occurring after completion of the taxpayers mining operations. —— U.S. at ——, 101 S.Ct. at 1047; C.F.R. § 1.613–3(d)(3)(iii)(c). Therefore these costs may not be apportioned but must be included in the proportionate profits formula as part of the total cost.

Appellant's second contention, that the costs should be allocable because they were selling expenses that benefited both the mining and nonmining processes, must also be rejected. The *Utah Portland Cement* decision recognized that this court, in *U. S. v. California Portland Cement Co.*, 413 F.2d 161, 170–172 (9th Cir. 1969), had held that an integrated miner-manufacturer may allocate selling expenses that are incurred for the benefit of the entire operation. However, Justice Powell noted that this case was decided at a time when the regulations did not address this issue and the effect of passage of the 1972 amendments made it clear that selling expenses were assumed to be nonmining expenses with the taxpayer bearing the burden of demonstrating other-

wise. —— U.S. at —— n. 22, 101 S.Ct. at 1047 n. 22.

Appellant offered the testimony of an expert witness to the effect that delivery expenses may be classified as selling expenses on Income Tax Statements. The tax court rejected this testimony and followed the holding of *Southwestern Portland Cement Co. v. U. S.*, 435 F.2d 504 (9th Cir. 1970) that warehousing and transportation cost are to be identified as nonmining expenses as stated in the regulations. *See* 26 C.F.R. §§ 1.613–4(d)(3)(i), (iii)(c) and § 1.613–4(g)(3). *Southwestern Portland Cement* was cited with approval in *Utah Portland Cement.* —— U.S. at ——, 101 S.Ct. at 1044.

The tax court's ruling is in accord with the law as now announced by the Supreme Court. The taxpayer failed to prove these cost were allocable as either unidentifiable expenses or selling expenses. The decision is therefore AFFIRMED.